UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERICK DELGADO ROCHA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:17-cv-01862-CAP |
| | ) |
| AMITY BUSINESS GROUP, LLC, | ) |
| and TATU MADHUSUDHAN | ) |
| | ) |
| Defendants. | ) |
| | ) |

**EXHIBIT A TO JOINT MOTION FOR STIPULATED
JUDGMENT APPROVING FLSA SETTLEMENT AGREEMENT**

## SETTLEMENT AGREEMENT

Amity Business Group, LLC and Tatu Madhusudhan ("Employer" or "Defendants") and Erick Delgado Rocha, Employee's heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

1. **Consideration.** In consideration for signing this Agreement, and complying with its terms, Defendants agree:

   a. to pay to Employee Five -Thousand Dollars ($5,000) as non-wage income, to be reported by Employee as 1099 income within fifteen (15) days after the later of: (1) Defendants' receipt of a signed copy of this Agreement; (2) Defendants' receipt of a W-9 from Hall & Lampros, LLP; and (3) the Northern District of Georgia's approval of the Parties' settlement of Employee's claims under the Fair Labor Standards Act ("FLSA") in Case No. 1:17-cv-01862-CAP.

   b. to pay to Employee Eight-Thousand Dollars ($8,000) as non-wage income as liquidated damages, to be reported by Employee as 1099 income within forty-five (45) days after the later of: (1) Defendants' receipt of a signed copy of this Agreement; (2) Defendants' receipt of a W-9 from Hall & Lampros, LLP; and (3) the Northern District of Georgia's approval of the Parties' settlement of Employee's claims under the Fair Labor Standards Act ("FLSA") in Case No. 1:17-cv-01862-CAP.

   c. to pay to Employee Eight-Thousand Dollars ($8,000) as non-wage income as liquidated damages, to be reported by Employee as 1099 income within seventy-five (75) days after the later of: (1) Defendants' receipt of a signed copy of this Agreement; (2) Defendants' receipt of a W-9 from Hall & Lampros, LLP; and (3) the Northern District of Georgia's approval of the Parties' settlement of Employee's claims under the Fair Labor Standards Act ("FLSA") in Case No. 1:17-cv-01862-CAP.

   d. to pay to Hall & Lampros, LLP Five Thousand Dollars ($5,000) as non-wage income, to be reported as 1099 income, within fifteen (15) days after the later of: (1) Defendants' receipt of a signed copy of this Agreement; (2) Defendants' receipt of a W-9 from Hall & Lampros, LLP; and (3) the Northern District of Georgia's approval of the Parties' settlement of Employee's claims under the Fair Labor Standards Act ("FLSA") in Case No. 1:17-cv-01862-CAP.

   e. to pay to Hall & Lampros, LLP Two Thousand Dollars ($2,000) as non-wage income, to be reported as 1099 income, within forty-five (45) days after the later of: (1) Defendants' receipt of a signed copy of this Agreement; (2) Defendants' receipt of a W-9 from Hall & Lampros, LLP; and (3) the Northern District of Georgia's approval of the Parties'

settlement of Employee's claims under the Fair Labor Standards Act ("FLSA") in Case No. 1:17-cv-01862-CAP.

2. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in paragraph "1" above, except for Employee's execution of this Agreement and the fulfillment of the promises contained herein.

3. **General Release, Claims Not Released and Related Provisions**

   a. **General Release of All Claims Asserted in Complaint.** Employee knowingly and voluntarily releases and forever discharges Defendants, their parent corporations, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all wage claims, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violations of the Fair Labor Standards Act ("FLSA") and any state wage statutes, that were or could have been alleged in Employee's Complaint against Defendants.

   b. **Claims Not Released.** Employee is not waiving any rights he may have to: (a) his own vested accrued employee benefits under Defendants' health, welfare, or retirement benefit plans as of the Separation Date; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; (d) enforce this Agreement; and/or (e) challenge the validity of this Agreement.

   c. **Governmental Agencies.** Nothing in this Agreement prohibits or prevents Employee from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

4. **Acknowledgments and Affirmations.**

   Employee affirms that Employee has not filed, caused to be filed, or presently is a party to any claim against Defendants, except Case No. 1:17-cv-01862-CAP pending in the United States District Court, Northern District of Georgia.

Defendants affirm that they have not filed, caused to be filed, or are presently a party to any claim or counterclaim against Employee.

Employee also affirms that Employee has reported all hours worked as of the date Employee signs this Agreement and upon receipt of the above referenced funds will have been paid and/or received all compensation, wages, bonuses, commissions, and/or benefits which are due and payable as of the date Employee signs this Agreement. Employee affirms that Employee has been granted any leave to which Employee was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Employee further affirms that Employee has no known workplace injuries or occupational diseases.

Employee also affirms that Employee has not divulged any proprietary or confidential information of Defendants and will continue to maintain the confidentiality of such information consistent with Defendants' policies and Employee's agreement(s) with Defendants and/or common law.

Employee further affirms that Employee has not been retaliated against for reporting any allegations of wrongdoing by Defendants or its officers, including any allegations of corporate fraud.

Employee represents that he has not received Medicare benefits for the treatment of emotional distress in connection with his claims asserted against Defendants. Employee further represents that, if he has received treatment through the Medicare program for any accident, occurrence, injury, illness, disease, loss, claim, demand, or damages, such treatment was unrelated to his claims asserted against Defendants.

Employee hereby warrants and represents that he presently is not, nor has he ever been enrolled in Medicare Part A or Part B. Employee further represents that, if he has received treatment through the Medicare program for any accident, occurrence, injury, illness, disease, loss, claim, demand, or damages, such treatment was unrelated to his claims asserted against Defendants. Further, Employee represents and warrants that he has no claim for Social Security Disability benefits nor is he appealing or re-filing for Social Security Disability benefits.

Employee agrees to indemnify and hold Defendants and the other Releasees harmless from any claims of, or rights of recovery as a result of, any future payment which may be made by Medicare or any other entity for or on behalf of Employee for such future care. Employee agrees to hold harmless Defendants and the other Releasees for any loss of Medicare benefits or Social Security benefits Employee may sustain as a result of this Agreement and General Release. In addition, Employee agrees to release as part of this Agreement and General Release any right to bring any possible future action under the Medicare Secondary Payer

3

Statute against Employee and the other Releasees.

Employee has been apprised of his right to seek assistance from legal counsel of his choosing or directly from the Social Security Administration or other government agencies regarding the impact this Release may have on Employee's current or future entitlement to Social Security or other governmental benefits. Employee acknowledges that acceptance of these settlement funds may affect Employee's rights to other governmental benefits, insurance benefits, disability benefits, or pension benefits. Notwithstanding this possibility, Employee desires to enter into this Agreement and General Release to settle his claims against Employer according to the terms set forth in this Agreement and General Release.

5.   **Non-Disparagement.** The parties agree that they shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about one another, or any matter relating to Employee's relationship with Defendants, and/or, to the extent relevant, the circumstances surrounding Employee's claims against Defendants, or otherwise cast a negative characterization upon the other party. The parties further agree that they will not assist anyone else in doing so, or direct or encourage another to do so. If any prospective employer of Employee contacts Defendants regarding Employee, Defendants shall give a neutral reference, only indicating Employee's dates of employment, position(s), and pay rate(s).

6.   **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of Georgia without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7.   **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8.   **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

9.   **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Employee acknowledges that Employee has not relied on any representations,

4

promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement, except for those set forth in this Agreement.

   EMPLOYEE IS ADVISED THAT EMPLOYEE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. EMPLOYEE ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EMPLOYEE'S SIGNING OF THIS AGREEMENT.

   EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.

   The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

Amity Business Group, LLC and Tatu Madhusudhan

By: *ERICK*
Erick Delgado Rocha
Date: 9-28-17

By: *T. Madhusudhan*
Tatu Madhusudhan
Date: 10/05/2017

4838-5610-8624, v. 2

5