UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERICK DELGADO ROCHA,<br><br>        Plaintiff,<br><br>   v.<br><br>AMITY BUSINESS GROUP, LLC,<br>and TATU MADHUSUDHAN,<br><br>        Defendants. | CIVIL ACTION NO.<br><br>1:17-CV-1862-CAP |

## O R D E R

This action came before the court on the parties' joint motion for stipulated judgment approving FLSA settlement agreement [Doc. No. 9].

The parties are seeking final approval of the terms of their settlement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.")  Having reviewed the motion to approve, the brief in support thereof, the record, and the details of the settlement agreement, the court concludes that the terms of the settlement (1) are fair to the plaintiff; (2) reflect a reasonable compromise over the issues that are actually in dispute in this case; (3) demonstrate a good-faith intention by the parties that

the plaintiff's claims be fully and finally resolved. Furthermore, the settlement (1) was reached in an adversarial context as the result of arms-length negotiations between the parties; (2) arrived at a fair disposition of the claims; and (3) arrived at an amount the parties agree is a fair and reasonable settlement of the attorneys fees and costs of litigation. *See generally, Lynn's Food Stores, Inc.*, 679 F.2d 1350. Finally, the court recognizes that the agreement does not contain a confidentiality clause.[1] *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (a confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute.")

---

[1] The agreement does contain a non-disparagement clause [Doc. No. 9-1 at 4], which states: "The parties agree that they shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about one another, or any matter relating to the Employee's relationship with Defendants, and/or, to the extent relevant, the circumstances surrounding Employee's claims against Defendants, or otherwise cast a negative characterization upon the other parties." Despite the language regarding "the circumstances surrounding Employee's claims against Defendants," the court finds this does not prevent discussion of the plaintiff's FLSA claims; it merely prohibits discussion of the claims in a disparaging or false manner.

Accordingly, the motion [Doc. No. 9] is GRANTED, and the FLSA settlement is hereby APPROVED by the court as a final, fair, adequate, and reasonable resolution of this action.  The settlement agreement, attached to the motion to approve as Exhibit A, is hereby incorporated into this order.  Additionally, the court finds that the amounts of attorneys fees and costs agreed to by the parties are approved.  The defendants shall pay the agreed upon amounts to the plaintiff and counsel for the plaintiff, respectively, in accordance with the terms of the agreement.

This matter is DISMISSED WITH PREJUDICE, and the clerk is DIRECTED to terminate this civil action.

**SO ORDERED** this  11th  day of October, 2017.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge